17-43 (L)
Ren v. Barr

BIA
Wright, IJ
A205 894 915

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand nineteen.

PRESENT:
>       JOHN M. WALKER, JR.,
>       DENNIS JACOBS,
>       RAYMOND J. LOHIER, JR.,
>           *Circuit Judges.*

_____

WEI LIANG REN,
>       *Petitioner,*

>       v.                                    17-43 (L),
>                                             17-2566 (Con)
>                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Zhong Yue Zhang, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Jeffery R.
                         Leist, Senior Litigation Counsel;
                         Abigail E. Leach, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Wei Liang Ren, a native and citizen of the People's Republic of China, seeks review of a December 12, 2016, decision of the BIA affirming a June 7, 2016, decision of an Immigration Judge ("IJ") denying Ren's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Liang Ren,* No. A 205 894 915 (B.I.A. Dec. 12, 2016), *aff'g* No. A 205 894 915 (Immig. Ct. N.Y. City June 7, 2016). Ren also seeks review of an August 11, 2017, decision of the BIA denying his motion to reopen. *In re Wei Liang Ren,* No. A 205 894 915 (B.I.A. Aug. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018) (reviewing factual findings for substantial evidence and questions of law and the application of law to

2

undisputed facts de novo); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (reviewing the BIA's denial of a motion to reopen for abuse of discretion and its country conditions determination for substantial evidence).

Ren applied for asylum based on his membership and participation in the China Democracy Party ("CDP") while in the United States and moved to reopen his proceedings based on his practice of Christianity in the United States.  We address the denial of each claim in turn and find no error in the agency's decisions because the agency balanced relevant factors:  the likelihood that the Chinese government is aware of Ren's U.S. activities, evidence suggesting that he would be targeted if returned to China, and practical concerns, including the fact that Ren commenced both his political activities and his practice of Christianity after he came to the United States.  *See Y.C. v. Holder*, 741 F.3d 325, 338 (2d Cir. 2013).

CDP Claim

Ren had the burden of proving a well-founded fear of persecution on account of his political activity.  *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b)(1), (2).  To do this, he was required to show that he subjectively feared

persecution and that his fear was objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear of persecution is "speculative at best"). He had to show either a "reasonable possibility that he . . . would be singled out individually for persecution," or that there is a "pattern or practice" of persecution of "persons similarly situated" to him.  8 C.F.R. § 1208.13(b)(2)(iii); *see also Y.C.*, 741 F.3d at 332.  When as here an applicant applies for "relief based exclusively on activities undertaken after his arrival in the United States, [he] must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

The agency reasonably determined that Ren's testimony, (sparse) documentary evidence, and the background evidence on China did not establish that the Chinese government was or would likely become aware of his activities.  Ren's evidence of the government's awareness of his activities in the United States consisted solely of a letter from his wife.  The agency

4

was not required to credit Ren's wife's statement. *See Y.C.*, 741 F.3d at 334 (affirming agency's determination that letter from spouse in China—stating that he had been visited by police who were aware of applicant's prodemocracy activities in the United States—was entitled to limited weight because it was unsworn and submitted by an interested witness). Moreover, the country conditions evidence did not support Ren's fear. Ren submitted the State Department report for 2014, which shows that China detains and mistreats political dissidents who are active in China. The report, however, did not identify any targeting of individuals who had engaged in prodemocracy activism in the United States. Accordingly, the agency did not err in concluding that Ren failed to establish a well-founded fear of future persecution. *See Jian Xing Huang*, 421 F.3d at 129; *Ramsameachire*, 357 F.3d at 178. Because Ren failed to carry his burden of proof for asylum, he necessarily failed to sustain the higher burdens for withholding of removal and CAT relief. *Y.C.*, 741 F.3d at 335.

Motion to Reopen: Christianity Claim

The BIA did not abuse its discretion in denying Ren's motion to reopen because, as with his CDP claim, Ren commenced

5

his practice of Christianity after his arrival in the United States and did not submit persuasive evidence showing that Chinese government officials "are (1) aware of his [religious] activities or (2) likely to become aware of his activities." *Hongsheng Leng*, 528 F.3d at 138; *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (reasoning that movant's failure to establish a prima facie case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen). Ren's evidence of the Chinese government's awareness was again a letter from his wife. The BIA was not required to credit that letter. *See Y.C.*, 741 F.3d at 332-34. Moreover, the country conditions reports do not demonstrate a pattern or practice of persecution or torture of ordinary churchgoing Christians in Ren's home city of Tianjin. The reports reveal targeting of religious leaders, elders, and businesspeople and surveilled underground church members, but they do not reflect persecution or torture of ordinary churchgoers like Ren. *See Hongsheng Leng*, 528 F.3d at 142. Accordingly, Ren demonstrated neither that Chinese officials are aware or likely to become aware of his U.S. practice of Christianity (and would therefore single him out individually for

persecution) nor that there was a pattern or practice of persecution of similarly situated Christians in Tianjin.  *See Y.C.*, 741 F.3d at 332–34.

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7