Chen v. Barr

BIA
Brennan, IJ
A202 047 998

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of December, two thousand nineteen.

PRESENT:
    GUIDO CALABRESI,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

ZHI XUN CHEN,
        *Petitioner,*

    v.                                        18-229
                                             NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Dehai Zhang, Flushing, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant
                           Attorney General; Jessica E.
                           Burns, Senior Litigation Counsel;
                           Rosanne M. Perry, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Zhi Xun Chen, a native and citizen of the People's Republic of China, seeks review of a January 5, 2018, decision of the BIA affirming a May 2, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Xun Chen,* No. A202 047 998 (B.I.A. Jan. 5, 2018), *aff'g* No. A202 047 998 (Immig. Ct. N.Y. City May 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

**A. Scope and Standards of Review**

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

**B. Asylum: One Year Bar**

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the

2

application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application may be considered outside the deadline "if the alien demonstrates . . . extraordinary circumstances relating to the delay," 8 U.S.C. § 1158(a)(2)(D), and the application is filed within a reasonable time, 8 C.F.R. § 1208.4(a)(4)(ii), (5).

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing untimeliness is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see* 8 U.S.C. § 1158(a)(3). Chen admits that the record was unclear as to his entry, and he has not raised a constitutional or legal challenge to the agency one-year bar determination. Accordingly, we lack jurisdiction to review that determination and dismiss the petition to that extent.

### C. Withholding of Removal and CAT

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the

3

applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); *Wei Sun*, 883 F.3d at 28. "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C).

The IJ reasonably required evidence to corroborate Chen's testimony given that his credibility was questionable and his testimony unpersuasive. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *see also Wei Sun*, 883 F.3d at 28. For example, the IJ reasonably found Chen's demeanor hesitant and evasive at times, his testimony regarding the alleged beating and his resulting injuries lacked details, and his testimony regarding the date he sought medical treatment was inconsistent with his medical evidence. Further, the agency did not err in finding that Chen failed to adequately corroborate his claim because, other than his evidence that was inconsistent with his testimony, he submitted only an unsworn letter from a friend, which the agency was not

4

compelled to credit. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

For these reasons, the agency did not err in finding that Chen failed to satisfy his burden of establishing past persecution or a likelihood of persecution with sufficient corroboration. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C); *see also Wei Sun*, 883 F.3d at 28. That finding is dispositive of withholding of removal and CAT relief because those claims were based on the same factual predicate.* *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

---

* Contrary to the BIA's and Government's contention that Chen waived CAT, the IJ provided no new basis for denying CAT relief other than the lack of record evidence and thus Chen's challenge to the denial of withholding necessarily includes a challenge to the denial of CAT.

5