Hu v. Barr

BIA
Kolbe, IJ
A206 580 020

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

KAIJUN HU,

> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

17-3224 (L),
18-1707 (Con)
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Gary J. Yerman, New York, NY. |
| FOR RESPONDENT: | Joseph H. Hunt, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Kaijun Hu, a native and citizen of the People's Republic of China, seeks review of a September 14, 2017 decision of the BIA affirming a January 9, 2017 decision of an Immigration Judge ("IJ") denying Hu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kaijun Hu,* No. A 206 580 020 (B.I.A. Sept. 14, 2017), *aff'g* No. A 206 580 020 (Immig. Ct. N.Y. City Jan. 9, 2017). Hu also seeks review of a May 14, 2018 decision of the BIA denying Hu's motion to reopen. *In re Kaijun Hu,* No. A 206 580 020 (B.I.A. May 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Family Planning Claim

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018) (reviewing

2

factual findings for substantial evidence and questions of law and the application of law to undisputed facts de novo).

The BIA assumed that Hu had suffered persecution in China on account of his resistance to the family planning policy but concluded that there was a fundamental change in circumstances such that he no longer had a well-founded fear of persecution. Accordingly, we consider only whether the Government rebutted the presumption of a well-founded fear of future persecution. The Government may rebut the presumption of a well-founded fear of future persecution arising from past persecution by identifying "a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Lecaj v. Holder*, 616 F.3d 111, 115 (2d Cir. 2010). In deciding whether there has been a fundamental change, the agency considers the "particular circumstances of the applicant's case as demonstrated by testimony and other evidence." *Lecaj*, 616 F.3d at 116. We find no error in the agency's conclusion that there was a fundamental change in circumstances since the time of Hu's past persecution in 1999.

At the time of his hearing, Hu had long since paid the family planning fines, his children were teenagers, his wife

3

continued to reside in China without further incident, and his testimony did not reflect that the Chinese government was still interested in him or his wife. Because the agency considered these particular facts and correctly found that there was no longer any evidence that the Chinese government would seek to harm Hu, the agency did not err in finding that the presumption of future persecution was rebutted. *See Tambadou v. Gonzales*, 446 F.3d 298, 303-04 (2d Cir. 2006) (requiring "individualized analysis" of changed circumstances); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding no fear of future harm where similarly situated family members remain unharmed). Given the absence of a risk of future harm needed for asylum, Hu necessarily failed to meet the higher standard required for withholding of removal and CAT relief. *Lecaj*, 616 F.3d at 119-20.

Motion to Reopen

We have reviewed the BIA's denial of Hu's motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Hu's November 2017 motion to reopen was timely filed 61 days after the BIA's September 2017 decision affirming the IJ's denial of relief. Accordingly, contrary to the BIA's statement, Hu was not

required to show any change in conditions in China. *Cf.* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring changed conditions in country of removal to excuse untimely and/or number barred motion to reopen). Despite this error, we find no abuse of discretion in the BIA's alternative reasons for the denial of reopening.

"A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

As the BIA determined, Hu had renounced his membership in the Chinese Communist Party and had begun practicing Falun Gong at the time of his 2017 hearing before the IJ and could have presented evidence of those facts at the hearing. Accordingly, the BIA did not abuse its discretion in declining to reopen based on evidence that was previously available. *See* 8 C.F.R. § 1003.2(c)(1).

5

As to the letter from Hu's wife stating that Chinese authorities were aware of Hu's Falun Gong practice, the BIA did not err in concluding that the evidence, although previously unavailable, did not establish a prima facie case for asylum. To establish prima facie eligibility for asylum based on "activities undertaken after . . . arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008). We have cautioned that claims based on activities undertaken solely in the United States may be easy to manufacture and we defer to the BIA's decision not to credit Hu's wife's letter, particularly as it provided no explanation of how authorities allegedly became aware of Hu's activities in the United States. *Y.C. v. Holder*, 741 F.3d 324, 334, 338 (2d Cir. 2013).

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6