Piao v. Barr

BIA
Nelson, IJ
A201 132 574

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of August, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

MINGJI PIAO,
> *Petitioner,*

v.                                                              18-781
                                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Esq., Flushing, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant
                         Attorney General; Russell J. E.
                         Verby, Senior Litigation Counsel;
                         John D. Williams, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Mingji Piao, a native and citizen of the People's Republic of China, seeks review of a March 8, 2018 decision of the BIA affirming a May 18, 2017 decision of an Immigration Judge ("IJ") denying Piao asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingji Piao*, No. A201 132 574 (B.I.A. Mar. 8, 2018), *aff'g* No. A201 132 574 (Immig. Ct. N.Y.C. May 18, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

**A. Asylum**

We lack jurisdiction to review the agency's pretermission of Piao's asylum application as untimely for being filed more than one year after her arrival in the United States. *See*

2

8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). The record belies Piao's contention that the agency failed to consider all the reasons she proffered to excuse her untimely filing.

**B. Withholding of Removal and CAT Relief**

1. Family Planning Claim

The agency did not err in denying withholding of removal based on Piao's failure to adequately corroborate her claim that Chinese family planning officials forced her to terminate two pregnancies in the 1980s by threat of onerous fines. The Immigration and Nationality Act ("INA") provides that "a person who has been forced to abort a pregnancy . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B); *see also Xiu Fen Xia v. Mukasey*, 510 F.3d 162, 165 (2d Cir. 2007). "An abortion is not 'forced' . . . unless the threatened harm for refusal would, if carried out, be sufficiently severe that it amounts to persecution." *In re T-Z-*, 24 I. & N. Dec. 163, 169 (B.I.A. 2007). In order for economic harm to constitute persecution, the harm must be "severe," such that it would "constitute a threat to an individual's life or freedom," but an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution." *In*

3

*re T-Z-*, 24 I. & N. Dec. at 170, 173.  "[A]n asylum applicant must offer some proof" "regarding . . . income . . ., h[er] net worth . . . , or any other facts that would make it possible . . . to evaluate h[er] personal financial circumstances in relation to the" government's imposition of an economic disadvantage.  *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002); *see also Wei Sun*, 883 F.3d at 28.

Piao did not submit any financial information from the relevant time period in the form of affidavits, testimony, bank records, or evidence regarding how such fines were collected (i.e., in one lump sum or in installments).  Further, although she submitted a statement from her husband, that statement did not mention that she faced onerous fines that left her without any option other than to terminate her pregnancies; rather, it stated only that family planning officials did not grant them permission to have a second child so Piao terminated her second and third pregnancies.  On this record, the agency did not err in finding that Piao failed to establish that her abortions were forced so as to constitute past persecution under the INA.  *See* 8 U.S.C. § 1101(a)(42)(B); *see also Xiu Fen Xia*, 510 F.3d at 165.

Contrary to Piao's contention, the agency was not

4

required to find that she satisfied her burden of proof simply because her testimony was deemed credible. *See Wei Sun*, 883 F.3d at 28 ("[A]n applicant may be generally credible but h[er] testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of h[er] claim of crucial facts if [s]he fails to put forth corroboration that should be readily available."); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."), § 1231(b)(3)(C) (applying burden of proof standard for asylum in § 1158(b)(1)(B) to withholding claims). Insofar as Piao challenges the IJ's determination that she failed to adequately corroborate the abortions without providing her an opportunity to explain the missing evidence or evaluating her explanations, *see Wei Sun*, 883 F.3d at 31, remand for the IJ to do so would be futile. That evidence relates to whether Piao had abortions, but the agency assumed the truth of those events in reaching its alternative, dispositive conclusion that Piao failed to demonstrate that the fines she faced amounted to "force." *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (noting that

5

remand is futile "when the IJ articulates an alternative and sufficient basis for her determination"). Further, the agency was not compelled to conclude that Piao testified to sufficient "aggravating circumstances" surrounding her involuntary use of an intrauterine device under the family planning policy so as to establish that she suffered persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 75 (2d Cir. 2011).

2. Religion Claim

Piao challenges only the agency's determination that she did not establish that she would "more likely than not" suffer future persecution on account of her religion. 8 C.F.R. § 1208.16(b)(2). To obtain withholding of removal, an applicant must show either a "clear probability" that she will be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also* 8 C.F.R. § 1208.16(b)(2)(i), (ii).

The agency did not err in finding that Piao failed to establish the requisite fear of persecution based on her religious practice in China because she stated that Chinese officials did not know that she attended her unregistered

6

church when it was raided in 1995, and she did not assert that officials expressed any interest in her as a result. *See* 8 C.F.R. § 1208.16(b)(2)(i), (ii); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). "[I]n order to establish eligibility for relief based exclusively on activities undertaken after h[er] arrival in the United States, [Piao] [had to] make some showing that authorities in h[er] country of nationality are (1) aware of h[er] activities or (2) likely to become aware of h[er] activities." *Hongsheng Leng*, 528 F.3d at 138. Piao did not assert that officials had discovered her religious practice outside of China, either for the several years that she lived in Russia (on and off between 1992 and 2005) or for the years she has attended church in the United States (since 2005). And given that there are 50 to 70 million Christians who attend unregistered churches in China, the agency did not err in finding that she failed to demonstrate a reasonable possibility that Chinese officials will likely discover her religious practice. *See Xiang Jin Yang v. Lynch*, 636 F. App'x 60, 61 (2d Cir. 2016).

Piao does not challenge the agency's finding that she

7

failed to establish a pattern or practice of persecution of similarly situated individuals, but in any event, the agency reasonably concluded that the country conditions evidence did not show "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005).

Piao's failure to establish either past persecution or a probability of future persecution was dispositive of both withholding of removal and CAT relief because both forms of relief were based on the same underlying facts. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part as to asylum and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>