15-2342-ag
*Wei Sun v. Jefferson B. Sessions III*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2017

(Submitted: November 9, 2017     Decided:  February 23, 2018)

Docket No. 15-2342-ag

————————————

WEI SUN,
*Petitioner*,

*- against -*

JEFFERSON B. SESSIONS III, United States Attorney General,
*Respondent*.[*]

————————————

ON PETITION FOR REVIEW FROM THE
BOARD OF IMMIGRATION APPEALS

————————————

Before:
LEVAL, LIVINGSTON, and CHIN, *Circuit Judges*.

————————————

Petition for review of a decision of the Board of Immigration

Appeals affirming the decision of an Immigration Judge denying an application

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is substituted for former Attorney General Loretta E. Lynch as respondent.

for asylum after finding petitioner credible but nonetheless concluding that he did not meet his burden of proof because he failed to provide corroborating evidence.

PETITION DENIED.

---

David J. Rodkin, Law Offices of David J. Rodkin, Esq., New York, New York *for Petitioner*.

Anthony Ogden Pottinger, Trial Attorney, Margaret Kuehne Taylor, Senior Litigation Counsel, Office of Immigration Litigation, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., *for Respondent*.

---

CHIN, *Circuit Judge:*

Petitioner Wei Sun ("Sun") seeks review of a June 26, 2015 decision of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying him asylum for religious persecution in China. Sun entered the United States on a visitor visa in 2007 and subsequently filed a timely application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158 and 1231(b)(3), respectively, and for relief under the Convention Against Torture ("CAT"), *see* 8 C.F.R. § 208.16.  The IJ and the BIA denied Sun's petition on the ground that he

failed to meet his burden of proof because of an absence of corroborating evidence.

The BIA interpreted the corroboration provision of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 303 (2005), as not requiring an IJ to give a petitioner specific notice of the evidence needed to meet his burden of proof, or to grant a continuance before ruling to give a petitioner an opportunity to gather corroborating evidence. On appeal, Sun argues that an IJ must give a petitioner notice and an opportunity to submit additional evidence when the IJ concludes that corroborating evidence is required, relying on the Ninth Circuit's decision in *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011). We conclude that the REAL ID Act is ambiguous on this point, and that the BIA's interpretation of the statute is reasonable and entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Accordingly, we deny the petition for review.

## BACKGROUND

Sun, a native and citizen of China, is married and his wife still lives in China. Sun testified that after his wife was forced to abort her child in China in 1995, he joined an underground Christian church. While attending the church on February 11, 2007, he says that he and other worshippers were arrested by the police and taken to the police station. Sun claims he was detained for ten days and accused of conducting cult activities, disturbing social order, and spreading

-3-

overseas reactionary thought. He denied the allegations but was nonetheless punished by being required to squat for lengthy periods and by being kicked. Eventually, Sun signed an "accusation[] letter" to be relieved of the punishment. Cert. Admin. Rec. at 85. He was released but never sentenced.

On May 13, 2007, Sun entered the United States on a B-1 visitor visa. According to Sun, he was baptized in a church in Los Angeles in 2007, and continued to attend that church until 2012. He subsequently moved to New York sometime in 2012 and he told the IJ that he began attending a church in Queens. He testified that in 2007, his wife informed him that the police in China were looking for him.

Sun's visa authorized him to remain in the United States until June 12, 2007. On June 12, 2007, Sun filed an I-589 application for asylum and withholding of removal. On July 24, 2007, the Department of Homeland Security ("DHS") commenced removal proceedings against Sun in immigration court for remaining in the United States longer than permitted. Through counsel, Sun admitted the charge and conceded removability.

After a hearing in which Sun was the only witness, the IJ denied Sun's application on March 24, 2014 and ordered him removed to China. The IJ "enter[ed] a positive credibility determination overall in the sense that respondent's testimony was internally consistent, and mostly consistent with his written statement," but she nonetheless found Sun's testimony "vague and

-4-

lacking in detail, such that the testimony alone was not sufficient to sustain respondent's burden of proof to persuade." Cert. Admin. Rec. at 41. In particular, the IJ pointed to Sun's failure to provide details about the location of the church he attended in Los Angeles from 2007 to 2012 or identify the month when he started attending church in New York. The IJ then looked to the record for objective corroboration to support Sun's claims, but found it lacking. Sun provided a certificate of baptism, but the IJ noted that there was no testimony or written statements from Sun's pastor or parishioners from either the New York or Los Angeles churches, nor were there any attendance records. Sun stated that the pastor was unavailable on the day of the hearing, but did not provide an explanation for the lack of letters, records, or other witnesses. Lastly, the IJ found that there was no corroborating evidence presented demonstrating past persecution in China based on Sun's faith.

The IJ concluded that Sun failed to meet his burden of proof due to an absence of corroborating evidence when such evidence was reasonably available. The IJ noted that Sun had over six years since filing his application to collect necessary documentation, he testified that he could bring a church letter to a subsequent hearing, and he testified that he remains in contact with his wife.

The IJ alternatively determined that Sun failed to meet his burden of demonstrating a well-founded fear of future persecution because police had not

contacted his wife in over six years and appeared to have lost interest in him. Sun appealed the decision to the BIA.

On June 26, 2015, the BIA dismissed Sun's appeal. The BIA agreed that Sun "testified in a vague manner[] and . . . did not submit sufficient evidence to corroborate his testimony." Cert. Admin. Rec. at 3 (citing 8 U.S.C. § 1158(b)(1)(B)(ii); *Matter of L-A-C-*, 26 I. & N. Dec. 516 (B.I.A. 2015)). The BIA rejected Sun's argument that he should have been informed by the IJ that submission of corroborating evidence would be required, reasoning that Sun was represented by counsel who was presumably aware of Sun's burden to corroborate his testimony and that IJs, prior to rendering a decision, are not required to first identify specific pieces of evidence and then continue proceedings to allow for their production.

This petition followed. On appeal, Sun argues that the BIA erred in finding that 8 U.S.C. § 1158(b)(1)(B)(ii) of the REAL ID Act does not require an IJ, after finding the petitioner's testimony to be insufficiently compelling, to identify specific corroborating evidence required to prove eligibility for asylum, or to grant a continuance to allow the petitioner an opportunity to obtain corroborating evidence.

### *DISCUSSION*

In the circumstances of this case, where the BIA affirmed the IJ's decision but did not reach the IJ's alternative finding, we review the IJ's decision

as modified by the BIA.  *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).    We review administrative findings of fact under the substantial evidence standard, that is, "we will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003) (citation and internal quotation marks omitted).  We thus treat factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).  Questions of law are reviewed *de novo*.  *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  It is well settled, however, that the BIA is entitled to *Chevron* deference in interpreting ambiguous provisions in the immigration statutory scheme.  *See Negusie v. Holder*, 555 U.S. 511, 516-17 (2009).

We first consider Sun's contention that the agency erred in construing the corroboration standard and then we address Sun's contention that he was entitled to a continuance in any event.

## A.    Corroboration Standard

Under the prevailing framework, Sun bears the burden of proving his eligibility for asylum, withholding of removal, and CAT protection.  *See* 8 U.S.C. § 1158(b)(1)(B) (asylum); 8 U.S.C. § 1231(b)(3)(C) (withholding of removal); 8 C.F.R. § 208.16(b), (c) (CAT protection).  "Asylum and withholding of removal are two alternative forms of relief available to an alien claiming that he will be persecuted, if removed back to his native country." *Vanegas-Ramirez v.*

*Holder*, 768 F.3d 226, 237 (2d Cir. 2014) (citation and internal quotation marks omitted).

Asylum allows an otherwise removable alien to remain and work in the United States. To qualify for asylum, an applicant must demonstrate that he is a "refugee," 8 U.S.C. § 1158(b)(1)(B)(i), meaning that he "is unable or unwilling to return to [his home country] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A). "[A] well founded fear of future persecution requires a subjective fear that is objectively reasonable." *Chen v. Holder*, 773 F.3d 396, 404 (2d Cir. 2014) (citing *Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005)).

Sun applied for withholding of removal under both the INA and CAT. Withholding of removal under the INA prevents an otherwise removable alien from being removed to a country where his "life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "Eligibility for withholding of removal . . . requires a 'clear probability of persecution,' *i.e.*, 'it is more likely than not that the alien would be subject to persecution.'" *Vanegas-Ramirez*, 768 F.3d at 237 (quoting *INS v. Stevic*, 467 U.S. 407, 413, 424 (1984)). The "clear probability" standard for withholding of removal is more demanding than the "well-founded fear" standard for asylum. *See id.* Accordingly, an applicant

who fails to establish eligibility for asylum fails to establish eligibility for withholding of removal. *Id.* Lastly, to obtain CAT relief, the applicant must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

In deciding whether to grant asylum and withholding of removal, the IJ often must assess the applicant's credibility. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii) and 1231(b)(3)(C). In making this determination, the IJ considers the "totality of the circumstances," including "the demeanor, candor, or responsiveness of the applicant," "the inherent plausibility of the applicant's . . . account," "the consistency between [statements and] . . . the internal consistency of each such statement," and "any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii). There is no presumption of credibility. *Id.*

The applicant's testimony can be sufficient by itself to establish a claim for asylum, but corroborating evidence may be required in certain circumstances. Under the REAL ID Act, the applicant's testimony "may be sufficient to sustain [his] burden without corroboration, but only if [he] satisfies the trier of fact that [his] testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). Accordingly, an applicant's testimony may be credible and sufficiently detailed and persuasive to prove eligibility without corroboration; in some cases, however, an applicant may be generally credible but his testimony

may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available. Where, as here, "the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id*.

The corroboration standard under the REAL ID Act closely tracks our pre-REAL ID Act case law. *See Diallo v. INS*, 232 F.3d 279, 285-86 (2d Cir. 2000) ("While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected.").

The question here is the procedure required when the trier of fact determines that corroboration is required. We conclude that the REAL ID Act is ambiguous on this point, and that, pursuant to *Chevron*, the BIA's interpretation of the statute is entitled to deference.

The BIA here relied on its decision in *Matter of L-A-C-*, 26 I. & N. Dec. 516 (B.I.A. 2015). The BIA reasoned there that § 1158(b)(1)(B)(ii) "is ambiguous with regard to what steps must be taken when the applicant has not provided . . . evidence" to corroborate otherwise credible testimony, and that the legislative history and broader context of the REAL ID Act make clear that "[t]he intent was not to create additional procedural requirements relating to the

submission and evaluation of corroborating evidence," such as requiring advance

notice or granting an automatic continuance to collect corroborating evidence.

*Id.* at 518-20.

Rather, the BIA held, where an IJ finds that an applicant for asylum

or withholding of removal has not provided reasonably available corroborating

evidence to establish his claim, the IJ should first consider the applicant's

explanations for the absence of such evidence and, if a continuance is requested,

determine whether there is good cause to continue the proceedings for the

applicant to obtain the evidence. The BIA further held, however, that the REAL

ID Act does not require the IJ to identify the specific evidence necessary to meet

the applicant's burden of proof and to provide an automatic continuance for the

applicant to obtain that evidence prior to rendering a decision on the application.

Nevertheless, the BIA acknowledged that "[t]here are circumstances in which it is

appropriate to continue the proceedings to another merits hearing for an

applicant to present additional corroboration," such as where "the applicant was

not aware of a unique piece of evidence that is essential to meeting the burden of

proof." *Id.* at 522.

In reaching its conclusion, the BIA adopted the pre-REAL ID Act

approach taken by the Second and Seventh Circuits and applied it to its post-

REAL ID Act analysis, rejecting the Ninth Circuit's contrary interpretation of

§ 1158(b)(1)(B)(ii).  *Id.* at 522-23 (discussing *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011)); *Ai Jun Zhi v. Holder*, 751 F.3d 1088 (9th Cir. 2014).[1]

The validity of the BIA's interpretation of § 1158(b)(1)(B)(ii) is governed by principles of *Chevron* deference.  *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999).  At the first step of the two-step *Chevron* framework, the Court "examine[s] the statute itself and determine[s] whether Congress has directly spoken to the precise question at issue.  If Congress has so spoken, that is the end of the matter because this Court must give effect to the unambiguously expressed intent of Congress."  *Adams v. Holder*, 692 F.3d 91, 95 (2d Cir. 2012) (citation and internal quotation marks omitted).  If we determine that "the statute remains ambiguous despite our use of all relevant tools of statutory construction and legislative history, we proceed to a second step of analysis to examine whether the agency's interpretation is reasonable, and not arbitrary, capricious, or manifestly contrary to the statute.  If the agency interpretation is reasonable, then we must defer to it."  *Id.* (citation and internal quotation marks omitted).

We conclude that the BIA's construction of § 1158(b)(1)(B)(ii) is entitled to *Chevron* deference.  First, the BIA is correct that § 1158(b)(1)(B)(ii) "is ambiguous with regard to what steps must be taken when the applicant has not

---

[1]     The Ninth Circuit has observed that its interpretation of § 1158(b)(1)(B)(ii) is inconsistent with this Court's approach to corroboration.  *Ai Jun Zhi*, 751 F.3d at 1094 n.6 (citing *Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009)).

provided . . . evidence" to corroborate otherwise credible testimony. *Matter of L-A-C-*, 26 I. & N. Dec. at 518. The relevant portion of the text is as follows: "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). The statutory language makes clear that corroborating evidence should be provided under certain circumstances if it is reasonably available. The language is silent, however, as to the procedure to be followed where corroborating evidence is needed. It does not provide, for example, that the trier of fact must advise the applicant that corroborating evidence is necessary before issuing a final decision nor does it provide that the trier of fact must allow a continuance to permit the gathering of corroborating evidence.

Sun asks this Court to adopt the Ninth Circuit's conclusion -- that "[a] plain reading of the statute's text makes clear that an IJ must provide an applicant with notice and an opportunity to either produce the evidence or explain why it is unavailable before ruling that the applicant has failed in his obligation to provide corroborative evidence and therefore failed to meet his burden of proof." *Ren*, 648 F.3d at 1090. We decline to adopt this interpretation.

The Ninth Circuit's holding was based on a textual reading of § 1158(b)(1)(B)(ii), as it reasoned that because the statute "does not say 'should

-13-

*have* provided,' but rather 'should provide,' [it] expresses an imperative that the applicant must provide further corroboration in response to the IJ's determination." *Id.* at 1091 (emphasis in original).

While the Ninth Circuit's interpretation is plausible, it is not the only reasonable interpretation. The Ninth Circuit takes the words "should provide evidence that corroborates otherwise credible testimony" and reads into the statute the requirements of "notice" and an "opportunity" to produce or explain the absence of corroborating evidence "before" a ruling is made. But these words simply do not appear in the statute. *See Dean v. United States*, 556 U.S. 568, 572 (2009) (courts must "ordinarily resist reading words or elements into a statute that do not appear on its face") (quoting *Bates v. United States*, 522 U.S. 23, 29 (1997)). We conclude that the passage is indeed ambiguous. Moreover, the test is not whether the Ninth Circuit's interpretation is plausible or "better" than the agency's, as Sun suggests. Pet. Br. at 21. Rather, the test is whether the statute is "silent or ambiguous" and if so, then whether "'the agency's answer is based on a permissible construction of the statute,' which is to say, one that is 'reasonable,' not 'arbitrary, capricious, or manifestly contrary to the statute.'" *Riverkeeper Inc. v. EPA*, 358 F.3d 174, 184 (2d Cir. 2004) (quoting *Chevron*, 467 U.S. at 843-44).

With respect to notice, we reject the Ninth Circuit's finding that its interpretation is required to avoid constitutional due process concerns. *See Ren*, 648 F.3d at 1092-93. As the BIA explained in *Matter of L-A-C*, applicants are

already on notice about the corroboration requirement because "the instructions for the Application for Asylum and Withholding of Removal (Form I-589) provide . . . notice to an applicant that he 'must submit reasonably available corroborative evidence' relating to both general country conditions and the specific facts upon which the claim is based," and that "the applicant must provide an explanation if such evidence is not reasonably available." 26 I. & N. Dec. at 520. The Seventh Circuit has also observed that "the REAL ID Act clearly states that corroborative evidence may be required, placing immigrants on notice of the consequences for failing to provide corroborative evidence." *Rapheal v. Mukasey*, 533 F.3d 521, 530 (7th Cir. 2008).

With respect to an opportunity to respond, the statute does not provide any indication that there must be a continuance so that the applicant can produce additional corroborating evidence. We thus conclude that the statute is ambiguous as to the procedure an IJ must follow when an applicant fails to provide corroborating evidence, and so we move to the second step in the *Chevron* analysis.

Second, we determine that the agency's interpretation of § 1158(b)(1)(B)(ii) is reasonable and entitled to deference. As noted above, the BIA's interpretation of the REAL ID Act affords the same protection as this Court's pre-REAL ID Act case law regarding the corroboration requirement.

-15-

We explained in *Liu v. Holder*, a pre-REAL ID Act case, that when an IJ determines that the applicant failed to meet his burden of proof based on the failure to provide corroborating evidence, the IJ should perform the following analysis: (1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given. 575 F.3d 193, 198 (2d Cir. 2009) (citations omitted). We noted, however, that "though we require an IJ to specify the points of testimony that require corroboration, we have not held that this must be done *prior* to the IJ's disposition of the alien's claim." *Id.* (emphasis in original). We reasoned that "a factfinder may not be able to decide sufficiency of evidence until all the evidence has been presented" and "the IJ has had an opportunity to weigh the evidence and prepare an opinion." *Id.* Finally, "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Id.* As such, it is reasonable not to require that applicants receive a second opportunity to present their case after the IJ identified the specific evidence they need to prevail.

The IJ's analysis comported with these procedures. *See* Special App'x at 6-7 (identifying missing evidence and evaluating Sun's explanation). *See also Matter of L-A-C*, 26 I. & N. Dec. at 521-22 (describing how IJ should (1) identify evidence that should have been submitted, (2) give applicant opportunity to explain why he could not reasonably obtain evidence, and (3) use

-16-

her discretion in whether to grant continuance based on the explanation given). We therefore conclude that the BIA's interpretation of § 1158(b)(1)(B)(ii) is reasonable and entitled to deference, and that the IJ followed an appropriate procedure. Accordingly, we reject Sun's argument that the agency erred in its interpretation of the statute.

### B. Continuance

Finally, Sun requests that this Court rule that a continuance and an additional hearing were required to allow for the submission of the evidence identified by the IJ, even if we reject the Ninth Circuit's interpretation of § 1158(b)(1)(B)(ii). Pet. Br. at 25-26. We deny this request.

First, Sun did not seek a continuance from the IJ despite being asked to explain why the corroboration identified by the IJ was missing. *See* Cert. Admin. Rec. at 98-102; *Matter of L-A-C-*, 26 I. & N. Dec. at 527 ("[I]f a continuance is requested, [the IJ should] decide whether there is good cause to continue the proceedings for the applicant to obtain the evidence."). Second, as the agency correctly observed, Sun had more than six years from filing of his application to collect necessary documentation, and yet he failed to corroborate his faith-based claim with any evidence other than a baptism certificate. Additionally, he failed to corroborate that he was still sought by police, which he could have done by presenting a statement from his wife in China, who he is in contact with and who supposedly had the last contact with police. Such evidence is not unique with

-17-

respect to an asylum claim, and thus Sun cannot be said to have been unaware of evidence "essential to meeting the burden of proof." *Matter of L-A-C-*, 26 I. & N. Dec. at 522. Accordingly, we reject his argument that he should have been granted a continuance regardless of the interpretation of the statute.

## *CONCLUSION*

For the foregoing reasons, the petition for review is DENIED.