19-802
Verma v. Garland

BIA
Nelson, IJ
A208 286 634

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-one.

PRESENT:
ROBERT A. KATZMANN,
DENNY CHIN,
MICHAEL H. PARK,
*Circuit Judges.*

_____

PANKAJ VERMA,
*Petitioner*,

v.                                        19-802
                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.**

_____

FOR PETITIONER:          Deepti Vithal, Esq., Richmond Hill, NY.

FOR RESPONDENT:          Brian M. Boynton, Assistant Attorney General; Anthony P. Nicastro, Assistant Director;

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

Vanessa M. Otero, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pankaj Verma, a native and citizen of India, seeks review of a March 8, 2019, decision of the BIA affirming an October 30, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pankaj Verma*, No. A208 286 634 (B.I.A. Mar. 8, 2019), *aff'g* No. A208 286 634 (Immig. Ct. N.Y. City Oct. 30, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

Although the agency erred in denying relief for lack of corroboration without first identifying what reasonably available evidence was missing, giving Verma a chance to explain its absence, and evaluating his explanations, *see Wei Sun*, 883 F.3d at 31, we deny the petition based on the agency's independent and dispositive determination that Verma could relocate within India, *see Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (providing that remand is futile "when the IJ articulates an alternative and sufficient basis for her determination" (citation omitted)).

An asylum applicant does not have a well-founded fear of future persecution if he can reasonably relocate within his own country to avoid harm. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), (2)(ii);† *see also Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). While the parties disagree as to who bore the burden of proving the reasonableness of relocation in this case, *see* 8 C.F.R. § 1208.13(b)(3), we need not resolve the dispute because the record supports the agency's finding that relocation was reasonable. The

---

† Citations are to the version of the regulations in effect from July 2013 to November 2018.

3

country conditions evidence thoroughly describes serious human rights issues in India, but it does not describe ongoing or widespread political violence apart from one state (Punjab) and mentions only isolated incidents of violence surrounding the 2014 elections.  This evidence thus supports the conclusion that Verma could relocate to another state to avoid the six local members of the Bharatiya Janata Party who attacked him in his home state of Haryana.  Accordingly, the agency's finding that Verma does not have a well-founded fear of persecution based on his ability to safely relocate was reasonable and dispositive of asylum, withholding of removal, and CAT relief.  *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (2)(ii), 1208.16(c)(3); *see also Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4