Lin v. Garland

BIA
Wilson, IJ
A099 835 069

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand twenty-one.

PRESENT:
 DENNIS JACOBS,
 GUIDO CALABRESI,
 DENNY CHIN,
  *Circuit Judges.*

_____

WEN TONG LIN,
  *Petitioner*,

 v.                                                    19-2077
                                                       NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:          Adedayo O. Idowu, Esq., New York,
                         NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant
                         Attorney General; Timothy G.
                         Hayes, Senior Litigation Counsel;

Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Tong Lin, a native and citizen of the People's Republic of China, seeks review of a June 13, 2019, decision of the BIA affirming a January 2, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Tong Lin*, No. A099 835 069 (B.I.A. June 13, 2019), *aff'g* No. A099 835 069 (Immig. Ct. N.Y. City Jan. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). An applicant for asylum, withholding of removal, and CAT protection bears the burden

of proof to establish eligibility.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C); 8 C.F.R. § 1208.16(c)(2).  "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); 8 C.F.R. § 1208.16(c)(2); *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018).  "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C).

Prior to denying a claim for lack of corroboration, an IJ must "point to specific pieces of missing evidence and

3

show that it was reasonably available." *Wei Sun*, 883 F.3d at 31. We will reverse a corroboration finding only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

First, the IJ was allowed to require corroboration of credible testimony and reasonably noted Lin's acknowledgement of false statements to consular officials in concluding that corroboration was required. *See id.* § 1158(b)(1)(B)(ii); *Wei Sun*, 883 F.3d at 28.

Second, the evidence Lin provided did not corroborate his alleged past persecution because his school attendance record did not show his expulsion and the letter from his church did not mention his arrest and detention for distributing Christian flyers. Lin also claimed that police have continued to visit and threaten his parents, but he did not provide a letter from his parents attesting to that. Finally, Lin did not show that such evidence was unavailable given that he received other evidence from these sources.* That finding is dispositive of asylum,

---

* The BIA appears to have engaged in improper fact-finding by

4

withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

relying on Lin's failure to provide a letter from a classmate as corroborating evidence, where the IJ made no finding that such a letter was available as evidence. *See* 8 C.F.R. § § 1003.1(d)(3)(iv) (version in effect in June 2019). Remand to correct this error would be futile given the other findings. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion.").

5