Pellumbaj v. Garland

BIA
Nelson, IJ
A206 252 510

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-one.

PRESENT: RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

DITER PELLUMBAJ,
*Petitioner*,

v.                                                        **19-3639**

NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent*.

_____

**FOR PETITIONER:** James A. Lombardi, Law Office of James A. Lombardi, P.C., New York, NY.

**FOR RESPONDENT:** Ethan P. Davis, Acting Assistant Attorney General, Civil Division; Sabatino F. Leo, Senior Litigation Counsel; S. Nicole Nardone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Diter Pellumbaj, a native and citizen of Albania, seeks review of an October 10, 2019 decision of the BIA affirming a March 13, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] *In re Diter Pellumbaj*, No. A 206 252 510 (B.I.A. Oct. 10, 2019), *aff'g* No. A 206 252 510 (Immig. Ct. N.Y. City Mar. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA and address only the agency's conclusion that Pellumbaj failed to present available corroboration. *See*

---

[1] In his petition, Pellumbaj does not contest the BIA's denial of CAT relief. *See* Pet. Br. at 7.

*Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir. 2005). We deem the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

The agency did not err in determining that Pellumbaj failed to satisfy his burden of proof for asylum and withholding of removal. An applicant's testimony "may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii) (asylum); *id.* § 1231(b)(3)(C) (withholding of removal); *Wei Sun*, 883 F.3d at 28. "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); *Wei Sun*, 883 F.3d at 28 ("[A]n applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of

3

his claim of crucial facts if he fails to put forth corroboration that should be readily available.").

Pellumbaj alleged that members of the Socialist Party in Albania beat him twice, in March and June 2013, and threatened him on other occasions on account of his political opinion. His documentary evidence did not corroborate these events. A letter from his mother did not mention the two beatings. And the agency reasonably declined to give weight to a hospital discharge form purportedly showing treatment following the first beating because the form states that Pellumbaj was discharged from the hospital in March 2013, but is dated from 2014, after he arrived in the United States. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Pellumbaj testified that this form, which was not typed on hospital letterhead, was a copy his father obtained from the hospital because Pellumbaj had lost the original; however, the form states "[o]ne copy given to patient" without indicating that it is a duplicate copy or that it was given to someone other than the patient. Certified Administrative Record at 276; *see id.* at 104. Pellumbaj did not submit any evidence to corroborate the June 2013 attack.

4

Moreover, the agency concluded that Pellumbaj could have obtained affidavits from his sister and father, who were with him after at least one of the alleged beatings. Pellumbaj does not dispute that those affidavits were available; indeed, he admits that he could have obtained affidavits from his sister, father, and friends. He nevertheless contends that such affidavits were unnecessary, and cumulative, in light of the one provided by his mother. But contrary to Pellumbaj's argument, the affidavits would not have been cumulative of other evidence because his mother's letter did not mention his beatings and the medical record related to only one attack. Because Pellumbaj did not present reasonably available corroboration, the agency did not err in concluding that he failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). That finding is dispositive of Pellumbaj's asylum and withholding of removal claims, as both are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court