Abaserbi v. Garland

BIA
Wright, IJ
A205 789 139

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-two.

PRESENT:
        GERARD E. LYNCH,
        JOSEPH F. BIANCO,
        BETH ROBINSON,
                *Circuit Judges.*
_____

SADAM USMAN ABASERBI,
        *Petitioner,*

        v.                                          19-3629
                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Stanley A. Cohen, Esq.,
                        New York, NY.

FOR RESPONDENT:         Jeffrey Bossert Clark, Acting
                        Assistant Attorney General; Zoe J.

Heller, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sadam Usman Abaserbi, a native and citizen of Ethiopia, seeks review of a September 30, 2019, decision of the BIA affirming a February 8, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Sadam Usman Abaserbi,* No. A 205 789 139 (B.I.A. Sept. 30, 2019), *aff'g* No. A 205 789 139 (Immig. Ct. N.Y. City Feb. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and

2

treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant, like Abaserbi, who does not allege past persecution, has the burden to demonstrate an objectively reasonable fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b)(1) & (2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (requiring applicant to "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable"). As the governing statute provides:

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if . . . the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the . . . burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(B)(ii).

We find no error in the agency's conclusion that Abaserbi

3

did not meet his burden of proof. The agency did not err in relying on an inconsistency to find Abaserbi not credible, because "a trier of fact may base a credibility determination on" inconsistencies within and between an applicant's "written and oral statements (whenever made and whether or not under oath and considering the circumstances under which the statements were made)." *Id.* § 1158(b)(1)(B)(iii). Abaserbi was inconsistent about the circumstances of his father's arrest, testifying before the IJ that he was present when the police took his father from the family's home, which conflicted with his prior credible fear interview statement that he "was not there when [his father] was arrested," that his father was "taken from the neighborhood," and that he did not know the circumstances. CAR 394-95. Because his father's alleged arrest for suspected involvement in collecting money for the Oromo Liberation Front was the basis of Abaserbi's own fear of persecution should he be returned to Ethiopia, the inconsistency constitutes substantial evidence for the agency's adverse credibility ruling. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[T]his Court [has] recognized that even a single inconsistency might preclude an

4

alien from showing that an IJ was compelled to find him credible."). Given Abaserbi's concession that he understood the questions at the interview, even though the interview was not conducted in his native language, and the fact that the interview record reflects that he was responsive to the questions asked, the agency did not err in deeming the interview record reliable. *See Ming Zhang v. Holder*, 585 F.3d 719, 725-26 (2d Cir. 2009) (discussing indicia of reliability).

The agency also did not err in requiring additional corroboration for Abaserbi's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (allowing IJ to require corroboration of even credible testimony); *Wei Sun v. Session,* 883 F.3d 23, 28-29 (2d Cir. 2018). Abaserbi alleged that the Ethiopian authorities continued to seek him out but did not submit a recent letter from his mother to confirm that fact or provide a letter from his brother to document his brother's alleged problems with authorities stemming from his Oromo ethnicity. Given Abaserbi's ability to obtain other documents from Ethiopia, the record does not compel a conclusion that such letters were unavailable. *See* 8 U.S.C. § 1252(b)(4) ("No

5

court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Given the credibility issue related to the nature of Abaserbi's claim and his failure to corroborate his claim that the Ethiopian authorities continue to look for him, Abaserbi's remaining evidence does not compel a conclusion contrary to that of the agency. *See* 8 U.S.C. § 1252(b)(4)(B). Because Abaserbi failed to meet his burden of proof for asylum, he "necessarily" failed to meet the higher burden for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court