Singh v. Garland

BIA
Ruehle, IJ
A206 198 508

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-two.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

GURPREET SINGH,
> *Petitioner,*

> v.                                          20-1145
>                                             NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Robert F. Graziano, Esq.,
                         Buffalo, NY.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Andrew O'Malley, Senior Litigation Counsel; Sarai M. Aldana, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a March 10, 2020, decision of the BIA affirming a December 3, 2018, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Singh*, No. A206 198 508 (B.I.A. Mar. 10, 2020), *aff'g* No. A206 198 508 (Immig. Ct. Buffalo Dec. 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review an adverse credibility determination under a substantial evidence standard, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings

2

of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements," and inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies in Singh's testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified inconsistently about his mistreatment by the

3

police, first alleging that he was "tortured" and "beaten up," and later clarifying that he meant that the police had pushed him into a car. The IJ was not required to accept his explanation that he had misunderstood what "beat up" meant where it was also plausible that he was embellishing his testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *Siewe v. Gonzales*, 480 F.3d 160, 166–68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal citations and quotation marks omitted)).

Further, the IJ reasonably relied on exaggerations in Singh's statements that his mother was "tortured" for information about his whereabouts, given his admission that he meant she was asked about his whereabouts and threatened, and his concession that he had exaggerated. The agency did

4

not err in relying on the conflicting descriptions, given that the allegations of more serious harm were significantly more material in stating a claim for relief. *Compare Yan Chen v. Gonzales*, 417 F.3d 268, 275 (2d Cir. 2005) (stating that "[c]ertainly, beatings and torture can constitute persecution"); *with Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (courts have "rejected [persecution] claims involving 'unfulfilled' threats").

Singh's contention that the IJ did not examine the totality of the circumstances is belied by the record, which reflects that the IJ also considered the absence of corroborating evidence and assessed the persuasiveness of Singh's testimony. The assessment of corroboration provides further support for the adverse credibility determination, and Singh's failure to proffer available evidence prevented him from satisfying his burden of proof. Singh does not challenge the IJ's corroboration findings. Even if not waived, the record supports the IJ's conclusion.

Singh failed to present reasonably available evidence and, when given the opportunity to explain this failure, did not provide a compelling explanation for the lack of evidence. The absence of evidence prevented Singh from rehabilitating

his claim in light of the inconsistencies and exaggeration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). And where, as here, an applicant's credibility is in question, he cannot meet his burden of proof without reasonably available corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). The IJ identified the missing evidence—letters from Singh's mother and friends in India, Facebook messages he allegedly received warning him that Indian authorities continued to look for him, and police reports and hospital records. *See Wei Sun v. Sessions*, 883 F.3d 23, 29-31 (2d Cir. 2018). Singh did not establish that the evidence was unavailable, as he did not support his allegation that Indian authorities would find out if his family and friends wrote letters, particularly given his allegation that he could have, but did not, produce their Facebook messages, and he did not assert that he attempted to obtain other evidence. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . .

6

unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

In sum, Singh's inconsistent and exaggerated testimony called his credibility into question, and he does not challenge the IJ's findings regarding his lack of corroboration; thus, he has not demonstrated that the agency erred in concluding that he failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Xiu Xia Lin*, 534 F.3d at 167. Contrary to Singh's claim that the IJ was required to independently analyze his CAT claim, where, as here, all forms of relief rely on the same factual predicate, the agency is not required to engage in a separate analysis. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Singh's reference to one piece of country conditions evidence that Sikhs who are militant sympathizers are "in some cases" subject to "detention and torture" did not establish that he would more likely than not be tortured, particularly given his lack of credibility about his past harm. Petitioner's Br. at 10.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court