21-6135-ag
Singh v. Garland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

TARSEM SINGH,

*Petitioner*,

v.                                                          No. 21-6135-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

------------------------------------------------------------------

FOR PETITIONER:                  ROSS ALAN MILLER, EZINNE OKOKO (Raed Gonzalez, *on the brief*), Gonzalez Olivieri, LLC, Houston, TX

FOR RESPONDENT               BROOKE MARIE MAURER, Trial Attorney, Office of Immigration Litigation, Civil Division (Carl McIntyre, Senior Litigation Counsel, *on the brief*), *for* Brian Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tarsem Singh, a native and citizen of India, seeks review of a February 10, 2021 decision of the BIA affirming a September 13, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

2

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution. See 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b)(1) & (2). The statutory provision that governs asylum procedure relating to the sufficiency of the applicant's testimony states as follows:

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the . . . testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not

3

have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii). The applicant who relies entirely on his own testimony to prevail must "satisfy the trier of fact on all three counts—showing his testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." Garland v. Ming Dai, 141 S. Ct. 1669, 1680 (2021) (quotation marks omitted). In addressing credibility, an IJ may also rely on "the demeanor, candor, or responsiveness of the applicant . . . [or] the inherent plausibility of the applicant's or witness's account." 8 U.S.C. § 1158(b)(1)(B)(iii).

Singh alleged that he was attacked twice outside his home by members of the ruling Congress Party because of his membership in Dera Saucha Sauda ("DSS"), a religious group, and also because of his support for the Lok Dal Party. The agency concluded that Singh's testimony was not "sufficiently credible or persuasive to carry his burden of proof" because his testimony was vague and lacked details, and because he was unresponsive to questions about his connections to the religious group and political party to which he claimed to belong. Cert. Admin. R. 58. For example, when asked what DSS stood for, Singh identified its leader and stated the leader "was helping poor people and . . . there

4

are many followers of him." Cert. Admin. R. 122. When pressed, however, Singh could not identify who introduced him to DSS or what kind of work he did for the Lok Dal Party. He testified only that he "used to work for [the Lok Dal Party], uh, during the elections so that it wins." Cert. Admin. R. 125. Nor did Singh provide any details about the two attacks against him by Congress Party members.

An IJ is entitled to "find detailed testimony more convincing than vague testimony," but "a finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien." Shunfu Li v. Mukasey, 529 F.3d 141, 147 (2d Cir. 2008). Here, the IJ supported its finding that Singh's testimony was too vague by pointing to the lack of detail in some parts of his testimony. Under these circumstances, although Singh was not asked to provide details about other aspects of his testimony—such as "how many people attacked him, how they knew he was a [DSS] supporter, or the nature or extent of his injuries," Cert. Admin. R. 58, we identify no error in the agency's determination that Singh's vague testimony and unresponsive answers during the hearing cast doubt on his credibility and diminished the persuasiveness of

5

his claim that Congress Party members sought him out and attacked him because of his religious and political affiliations. See Ming Dai, 141 S. Ct. at 1680 ("[E]ven if the BIA treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof.").

Such a lack of detail may reasonably lead an IJ to require corroboration. See 8 U.S.C. § 1158(b)(1)(B)(ii). "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007). So even where "an applicant [is] generally credible[,] . . . his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." Wei Sun v. Sessions, 883 F.3d 23, 28 (2d Cir. 2018). The weight afforded to an applicant's evidence "lie[s] largely within the discretion of the IJ." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 342 (2d Cir. 2006) (quotation marks omitted).

Here, when prompted to do so, Singh failed to corroborate his claim with what should have been readily available evidence. The three one-page affidavits

6

Singh provided from his father, a village official, and a neighbor all contained the same language that Singh "was beaten by the members of Congress party for two times and he got natural and internal injuries." Cert. Admin. R. 176, 178, 180. The IJ reasonably concluded that the affidavits had little value as corroboration because they were "very brief [and] generic," failed to "offer[] specific information about any of the events these individuals allegedly witnessed," and failed to "explain the basis of their knowledge." Cert. Admin. R. 58. In particular, Singh testified that his father and his neighbor were each present during at least one of the attacks, but each conspicuously failed "to include the fact of his own presence in his written submission to the IJ" or to provide any details that would suggest that he was present. Surinder Singh v. B.I.A., 438 F.3d 145, 148 (2d Cir. 2006). In addition, as noted, the three affidavits were virtually identical. Although we have never stated that the agency may draw an adverse credibility inference based solely on the fact that supporting affidavits are identical, "our case law on intra-proceeding similarities has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'" Mei Chai Ye v. U.S. Dep't of Justice, 489 F.3d 517, 524 (2d Cir. 2007); see Surinder Singh, 438 F.3d at 148.

Under all of these circumstances, the agency did not err in finding that Singh failed to satisfy his burden of proof for asylum.  This determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  See Paul v. Gonzales, 444 F.3d 148, 156–57 (2d Cir. 2006).

We have considered Singh's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the petition for review is DENIED, all pending motions and applications are DENIED, and the stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court