19-2135
Zhou v. Garland

BIA
Bain, IJ
A205 874 315

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-one.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　SUSAN L. CARNEY,
　　　　MICHAEL H. PARK,
　　　　　　*Circuit Judges.*

————————————————————————

LONG ZHOU,
　　　　*Petitioner,*

　　　　v.                                     19-2135
　　　　　　　　　　　　　　　　　　　　　　 NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*

————————————————————————

FOR PETITIONER:　　　　　Richard Tarzia, Esq., Belle Mead, NJ.

**FOR RESPONDENT:**          Joseph H. Hunt, Assistant Attorney General; Carl McIntyre, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Long Zhou, a native and citizen of China, seeks review of a June 18, 2019, decision of the BIA affirming an October 2, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Long Zhou,* No. A 205 874 315 (B.I.A. June 18, 2019), *aff'g* No. A 205 874 315 (Immig. Ct. N.Y. City Oct. 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The record supports the agency's finding that Zhou's testimony, in the absence of corroboration, was insufficient to satisfy his burden of proof.

2

The applicant has the burden of proof to establish eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B)(i).

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

*Id.* § 1158(b)(1)(B)(ii). "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). And "a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009); *see also Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018). The agency reasonably

3

concluded that Zhou failed to meet his burden of proof considering his testimony and the absence of corroboration.

First, the IJ reasonably concluded that Zhou's claim was implausible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) ("a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's account"). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Hong Fei Gao*, 891 F.3d at 76. An IJ is not required to "explain in precise detail what made each identified act implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). And while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Accordingly, so long as an IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we

4

will not disturb an implausibility finding. *Wensheng Yan*, 509 F.3d at 67.

The IJ's conclusion is tethered to the record: Zhou testified that he first heard about Christianity, attended a church, and was arrested all on the same day, and despite only having attended church briefly and being detained for a month, returned to the church one or two days after his release. This lack of demonstrated attachment to the church provides a basis for the IJ's finding of implausibility, as do Zhou's vague statements about his faith. *See Siewe*, 480 F.3d at 168-69 (recognizing that IJ may draw reasonable inferences when "made available to the factfinder by record facts . . . viewed in the light of common sense and ordinary experience").

The agency also reasonably concluded that, in the absence of "credible" and "persuasive" testimony, Zhou failed to meet his burden of proof because he presented no corroborating evidence. 8 U.S.C. § 1158(b)(1)(B)(ii). Where the IJ relies "upon an alien's failure to provide corroborating evidence in concluding that the alien failed to meet his burden of proof," the IJ must "point to specific pieces of missing, relevant

documentation and show that this documentation was reasonably available," then the applicant must have an opportunity to explain. *Chuilu Liu*, 575 F.3d 197–98. The IJ identified missing evidence: Zhou did not provide letters from friends or family members in China, from friends in the United States, or from the church he attends in the United States. Zhou had an opportunity to explain the lack of corroboration at his hearing, but his primary explanation was that he did not ask for corroborating evidence, not that it was unavailable.

Accordingly, given the implausibility finding and the absence of any corroboration of events in China or church attendance in the United States, the agency reasonably concluded that Zhou failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court