19-4214
Penghui v. Garland

BIA
Douchy, IJ
A208 582 984

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-two.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

SUN PENGHUI, AKA PENGHUI SUN,
> *Petitioner,*

v.                                                            19-4214
                                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Farah Loftus, Sherman Oaks, CA.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant Attorney General; Jeffrey R. Leist, Senior Litigation Counsel;

Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, a native and citizen of the People's Republic of China, seeks review of a December 3, 2019 decision of the BIA affirming a March 19, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sun Penghui,* No. A 208 582 984 (B.I.A. Dec. 3, 2019), *aff'g* No. A 208 582 984 (Immigr. Ct. N.Y.C. Mar. 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008) (reviewing factual findings for substantial

2

evidence and reviewing *de novo* questions of law and the application of law to facts). The agency did not err in finding that Penghui failed to meet his burden to show past persecution or an objectively reasonable fear of future persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004) (A well-founded fear of future persecution "requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable.").

Penghui failed to show past persecution because he testified that he fled a Christian meeting when police arrived and alleged that police officers visited his parents' home looking for him. Accordingly, at most, he alleged a past threat of harm, which does not rise to the level of persecution. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006).

As to future harm, the agency reasonably concluded that Penghui failed to adequately corroborate past threats because he corroborated only one of two alleged visits from the

3

police.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that an IJ may require corroboration of even credible testimony); *id.* § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").  Nor did he fully corroborate his claim that he regularly practiced Christianity in the United States because, among other deficiencies, he did not call fellow church members to testify.  *See Wei Sun v. Sessions,* 883 F.3d 23, 28-29 (2d Cir. 2018) ("[A]n applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available.").

Moreover, the record did not otherwise establish an objectively reasonable fear of future persecution.  *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record[,] . . . [an applicant's] fear is speculative at best.").  The Chinese police had not inquired about him since February 2016, and he

4

did not submit any country conditions evidence. *Id.* The IJ reasonably concluded that the country conditions did not support Penghui's claim because the State Department report identified some persecution of Christians, but also that conditions varied throughout China and that there were no reports of persecution in Penghui's home province. *See Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (upholding agency's conclusion that asylum applicant failed to meet burden of proof where evidence showed "treatment of Christians in China varies by locality" and evidence did not reflect persecution in Fujian Province).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

5