Lelcaj v. Garland

BIA
Christensen, IJ
A206 252 593

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

LINE LELCAJ,
> *Petitioner*,

v.                                                      19-1883
                                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Michael P. DiRaimondo, DiRaimondo & Masi, PC, Bohemia, NY.

FOR RESPONDENT:             Brian M. Boynton, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Evan P. Schultz, Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Line Lelcaj, a native and citizen of Albania, seeks review of a June 7, 2019 decision of the BIA affirming a January 31, 2018 decision of an Immigration Judge ("IJ") denying Lelcaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lelcaj,* No. A206 252 593 (B.I.A. June 7, 2019), *aff'g* No. A206 252 593 (Immig. Ct. N.Y. City Jan. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

The agency did not err in concluding that Lelcaj failed to satisfy her burden of proof for asylum, withholding of

removal, and CAT relief based on her claim that members of the Socialist Party had threatened to kidnap and kill her on account of her membership in the Democratic Party in Albania. To establish eligibility for asylum, Lelcaj was required to show that she suffered past persecution, or that she has a well-founded fear of future persecution, on account of her race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i).

The agency reasonably concluded that Lelcaj's experiences did not rise to the level of persecution because she was not harmed and any threats went unfulfilled. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412–13 (2d Cir. 2006)(providing that unfulfilled threats do not constitute persecution); *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, "which requires that the alien present

3

credible testimony that [s]he subjectively fears persecution and establish that h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). The agency did not err in concluding that Lelcaj failed to establish a well-founded fear of persecution in Albania because her brothers, who are active members of the Democratic Party and at least one of whom was also personally threatened, have remained in Albania for years since her departure and have never been harmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding a fear of future persecution weakened when similarly situated family members remain unharmed in petitioner's native country); *see also Ramsameachire*, 357 F.3d at 178. The IJ reasonably rejected Lelcaj's contention that she was not similarly situated to her brothers given her gender because her evidence did not show that women are more often the target of political violence in Albania, and evidence of gangs trafficking women for criminal purposes was not material to her claimed fear of political persecution. Contrary to Lelcaj's contention, the agency did not afford her expert's affidavit insufficient weight. The affidavit

4

discusses general crime and political conditions in Albania, is not based on any personal knowledge of Lelcaj's particular circumstances, and does not counter the agency's dispositive finding that Lelcaj's fear is not well founded because her similarly situated brothers have remained unharmed for years.

The agency also reasonably found in the alternative that Lelcaj failed to adequately corroborate her claim because, other than a copy of a Democratic Party card, she did not submit evidence of her political activities or of the threats against her or her family members, even though such evidence was reasonably available from her brothers. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *see also Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) ("[A]n applicant may be generally credible but h[er] testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of h[er] claim of crucial facts if [s]he fails to put forth corroboration that should be readily

available.").

Because Lelcaj does not have a well-founded fear of persecution, the agency did not err in denying asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *See Lecaj*, 616 F.3d at 119-20.

We are also not persuaded by Lelcaj's argument that the agency lacked jurisdiction to commence removal proceedings. Although her Notice to Appear did not contain a hearing date or time, she later received notice of her hearing. *See Banegas Gomez v. Barr*, 922 F.3d 101, 110, 112 (2d Cir. 2019).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court