Perez-Rojas v. Garland

BIA
Ruehle, IJ
A205 702 340

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT:
>ROSEMARY S. POOLER,
>RICHARD J. SULLIVAN,
>STEVEN J. MENASHI,
>*Circuit Judges.*

_____

TIBURCIO PEREZ-ROJAS,
>*Petitioner*,

v.                                                                                          **20-610**
                                                                                             **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

**FOR PETITIONER:**     Jose Perez, Esq., Syracuse, NY.

**FOR RESPONDENT:**     Jeffrey Bossert Clark, Acting Assistant Attorney General;   Cindy S. Ferrier, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tiburcio Perez-Rojas, a native and citizen of Mexico, seeks review of a January 15, 2020 decision of the BIA affirming an April 12, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").   *In re Tiburcio Perez-Rojas*, No. A 205 702 340 (B.I.A. Jan. 15, 2020), *aff'g* No. A 205 702 340 (Immig. Ct. Buffalo Apr. 12, 2018).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA.   *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).   As an initial matter, Perez-Rojas's claim that his asylum application was timely is unexhausted because he

2

failed to challenge the IJ's finding that his application was time-barred before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119–20 (2d Cir. 2006) (holding that the Court lacked jurisdiction to consider claims that were not exhausted on appeal to the BIA). Accordingly, we review only the denial of withholding of removal and CAT relief. As to those remaining claims, we review questions of law de novo, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014), and we review findings of fact for substantial evidence, treating the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for withholding of removal has the burden to show that he will more likely than not be persecuted because of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b)(1); *see Wei Sun v. Sessions*, 883 F.3d 23, 27–28 (2d Cir. 2018) ("Eligibility for withholding of removal requires a clear probability of persecution, i.e., it is more likely than not that the alien would be subject to persecution." (ellipsis and internal quotation marks omitted)). "In the absence of solid support in the record . . . [an applicant's] fear is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Perez-Rojas alleged that he would be persecuted or killed by gangs in Mexico because his father had been threatened and his cousin had been killed. He testified that his father heard rumors from neighbors that he might be kidnapped since Perez-Rojas had sent money to his father while he was working in the United States, leading people to believe that Perez-Rojas would be able to pay a ransom. However, his father never reported any threats to the police, never received any direct threats (oral, written, or otherwise), and does not know the identity of the persons who are rumored to have threatened him. Although Perez-Rojas thought it possible that a gang was behind the threats, the agency reasonably concluded that this fear was speculative absent direct threats or any harm to Perez-Rojas's father. *See Wei Sun*, 883 F.3d at 27–28; *Jian Xing Huang*, 421 F.3d at 129.

Perez-Rojas also asserted that he feared returning to Mexico because he believed he would be murdered by gang members. He asserted that his cousin was murdered when he returned to Mexico after living for an extended time in the United States. But Perez-Rojas had no evidence that his cousin was murdered, who killed him, or why; his cousin's death therefore does not provide solid support for his fear of harm. *See Jian Xing Huang*, 421 F.3d at 129. Moreover, to

4

the extent that Perez-Rojas asserts a fear of harm on account of his perceived wealth and general crime conditions in Mexico, he has not stated a valid ground for withholding of removal. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–73 (2d Cir. 2007) (rejecting a particular social group defined as "affluent Guatemalans" because "wealth or affluence is simply too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group." (internal quotation marks omitted)); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("a well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground").

Perez-Rojas also failed to establish a clear probability of harm by the police or his uncle. *See Wei Sun*, 883 F.3d at 27–28. He testified that he believed the police collude with gangs and harass people for money; his sister testified that she feared an uncle who tried to abuse her might seek vengeance on Perez-Rojas. But again, Perez-Rojas could point to no objective evidence in the record to suggest that the police would target Perez-Rojas or that his uncle had any intent to harm him. *See Jian Xing Huang*, 421 F.3d at 129.

In sum, Perez-Rojas did not establish that he would "more likely than not" be persecuted. 8 C.F.R. § 1208.16(b)(2). This finding is dispositive of both

5

withholding of removal and protection under the CAT because, to succeed on a CAT claim, an applicant must show he will more likely than not be tortured. *See* 8 C.F.R. § 1208.16(c); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court