Wei v. Garland

BIA
Wright, IJ
A205 809 340

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT:
        PIERRE N. LEVAL,
        JOSEPH F. BIANCO,
        ALISON J. NATHAN,
                *Circuit Judges.*

_____

YANG CAI WEI,
        *Petitioner*,

        v.                                    20-1970
                                              NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant
                         Attorney General; Brianne Whelan
                         Cohen, Senior Litigation Counsel;

Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yang Cai Wei, a native and citizen of the People's Republic of China, seeks review of a May 28, 2020, decision of the BIA affirming a May 23, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang Cai Wei,* No. A 205 809 340 (B.I.A. May 28, 2020), *aff'g* No. A 205 809 340 (Immig. Ct. N.Y. City May 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA."). The applicable standards of review are well established. *See* 8

U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018) (reviewing factual findings for substantial evidence and questions of law de novo).

An applicant bears the burden of proof to show eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee . . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* § 1158(b)(1)(B)(ii). A lack of corroboration can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *See Wei Sun*, 883 F.3d at 28-31. Before denying a claim solely for failure to provide

corroborating evidence, the IJ must, either in his decision or otherwise in the record, "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Id.* at 31. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

First, Wei argues that the IJ failed to notify him that his corroborating documents were insufficient, but he failed to exhaust this argument on appeal to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("Judicially-imposed doctrines of issue exhaustion . . . will usually mean that issues not raised to the [Board] will not be examined by the reviewing court." (internal citation omitted)). Even assuming exhaustion, the IJ did not err in finding that Wei failed to meet his burden of proof. Advance notice of the need for specific corroboration and an opportunity to gather the evidence are not required, "because

4

the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Wei Sun*, 883 F.3d at 31 (quotation marks omitted)).

The IJ followed the procedure for denying a claim based on lack of corroboration. First, the IJ identified the missing evidence, namely proof that Wei passed out fliers for his church and documentation of his proselytizing via WeChat. Second, the IJ asked Wei if he had "any proof that [he] pass[ed] out fliers" or "posted on WeChat." Wei did not demonstrate that evidence that he passed out fliers was unavailable because he failed to provide photographs that he said he had, and he did not allege that his church or fellow church member who confirmed church attendance could not have confirmed his other activities. As for the WeChat messages, Wei claimed he had the messages on his phone in Chinese, and he did not allege that he was unable to print them and have them translated. Because this evidence of his public religious activities and proselytizing was available, the IJ did not err in concluding that Wei failed to meet his burden of proof. *Id.; see also* 8 U.S.C. § 1252(b)(4). This evidence was material to Wei's allegation that the Chinese

government was aware of would become aware of his practice of Christianity. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that applicant whose claim is based on activities undertaken in the United States must demonstrate "a reasonable possibility" that "authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." (quotation marks omitted)).

Second, Wei argues that the evidence he provided was sufficient to corroborate his testimony. The agency was not required to credit letters from Wei's family members and fellow church members in the United States because the letters were written by interested parties or parties not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (holding that weight of documentary evidence is within agency's discretion and deferring to the agency's decision to give limited weight to letter from applicant's spouse). Wei presented photographs of himself at church events, but nothing in the photographs identified Wei or others as Christians, nor did the photographs depict proselytizing or confirm that Wei proselytized on WeChat.

*Id.* at 332 ("We defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Because the IJ identified reasonably available evidence that Wei should have presented to confirm material aspects of his claim—specifically his public expression of his Christianity and his proselytizing to individuals in China—the agency did not err in concluding that Wei failed to meet his burden. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Because Wei failed to meet his burden of proof for asylum, he "necessarily" failed to meet the higher burden for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7