Madhavarapu v. Garland

BIA
Verrillo, IJ
A206 569 662

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SREEKANTH MADHAVARAPU,
> *Petitioner,*

> v.                                                            **21-6588**
>                                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jon E. Jessen, Law Offices Jon E. Jessen, LLC, Stamford, CT.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sreekanth Madhavarapu, a native and citizen of India, seeks review of an October 26, 2021, decision of the BIA affirming a December 4, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sreekanth Madhavarapu*, No. A206 569 662 (B.I.A. Oct. 26, 2021), *aff'g* No. A206 569 662 (Immig. Ct. Hartford Dec. 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's factual findings "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless

2

any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant bears the burden to demonstrate eligibility for relief. *Id.* § 1158(b)(1)(B)(i). An applicant must establish either past persecution or a well-founded fear of future persecution, *see* 8 C.F.R. § 1208.13(b), and that "one central reason" for the harm was or would be a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id*. § 1158(b)(1)(B)(ii).

The agency may find testimony credible but "still decide that the testimony falls short of satisfying the applicant's burden of proof, either because it is

3

unpersuasive or because it does not include specific facts sufficient to demonstrate that the applicant is a refugee." *Pinel-Gomez v. Garland*, 52 F.4th 523, 529–30 (2d Cir. 2022) (quotation marks omitted)); *see also Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) (holding that "in some cases . . . an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available"). This lack of corroboration can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *Wei Sun*, 883 F.3d at 28–31. Before denying a claim solely on an applicant's failure to provide corroborating evidence, an IJ must "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Id*. at 31. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

While Madhavarapu was generally consistent and responsive during his

testimony, the IJ found that he did not meet his burden because of a lack of corroboration of key aspects of his claim, and inadequate explanations for the missing evidence. Madhavarapu alleged that he was harassed, detained, interrogated, and tortured as a suspect in the 1999 assassination of a politician, Purushotham Rao. He alleged that he had been Rao's assistant and cousin. To prove his claim, he submitted affidavits from his father and wife, a single photograph of his injuries, news articles about Rao's assassination by Naxalites,[1] country conditions evidence, and a copy of his own wedding invitation addressed to Rao. As set forth below, the agency reasonably declined to give weight to the evidence presented and identified other reasonably available evidence that could have been submitted.

First, as proof of his familial relationship to Rao, Madhavarapu submitted his own wedding invitation with "Sri P. Purushotham Rao" written on the bottom and testified that he prepared the invitation and addressed it to Rao. The IJ reasonably afforded minimal weight to the "self-prepared" invitation and found that the wedding invitation did not serve as sufficient proof of Madhavarapu's familial relationship to Rao. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013)

---

[1] The Naxalites are a Maoist revolutionary group.

("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Similarly, the IJ was not required to credit affidavits from Madhavarapu's father and wife as confirmation that he was related to Rao. *Id.*; *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "the IJ acted within her discretion in according . . . little weight" to letters from applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination").

Second, as to evidence of his injuries and the medical treatment he received, the single photograph of Madhavarapu's foot did not confirm the extensive injuries he claims to have endured at the hands of the Indian police, or his multi-day hospitalizations in 2000 and 2012. He alleged that his father was told that only Madhavarapu could obtain the records in person and that his father admitted him to the hospital under an alias that his father could not remember. But his father's affidavit did not confirm these allegations. And Madhavarapu's testimony about his own telephone conversations with hospital personnel does not compel a conclusion that the evidence was unavailable because he did not know the name of anyone he spoke with, and he did not make a written request for the records. Given the lack of confirmation from his father and the lack of

6

detail about the attempts to get the records, the record does not compel a conclusion that hospital records were unavailable. *See* 8 U.S.C. § 1252(b)(4).

Third, as to his work as a personal assistant for Rao, Madhavarapu testified that he had no proof that he worked for Rao because it was informal, and he was not paid. But he conceded that he could have obtained letters from other people who worked for Rao and from the lawyer who helped obtain his release from police custody in India, but that he did not think he needed proof beyond what he already provided. This explanation is not compelling because, in 2014, U.S. Citizenship and Immigration Services asked Madhavarapu for specific evidence, including medical records, proof of his relationship to Rao, and proof that he worked for Rao, putting him on notice that these documents were necessary to corroborate his claim.

Further, as the IJ concluded, absent evidence corroborating Madhavarapu's claim that he was targeted by the authorities as a suspect in his cousin's assassination, country conditions evidence of human rights violations does not confirm that Madhavarapu would be subject to such abuses. *See Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003)) (holding that evidence that some prisoners in China are tortured was not sufficient to "establish[] that someone in [petitioner's]

7

particular alleged circumstances is more *likely than not* to be tortured"). And none of the articles about Rao's assassination mention Madhavarapu or refer to anyone employed by Rao as a suspect, and the articles do not reflect an ongoing investigation.

In sum, the IJ did not err in finding that Madhavarapu failed to satisfy his burden of proof: he did not establish that medical records or records of his employment with Rao were unavailable, the IJ did not err in giving little weight to family affidavits and Madhavarapu's self-prepared wedding invitation, and there was no objective evidence linking the assassination to Madhavarapu or Rao's employees more generally. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4)(B); *Wei Sun*, 883 F.3d at 28. This burden finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief stemmed from Madhavarapu's claim that he was a suspect in Rao's assassination. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court